**IN THE UNITED STATES DISTRICT COURT
FOR THE SOURTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| WESLEY N. KEMPLE | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| MPP MANAGEMENT INC., AND | ) | |
| MPP GROUP OF COMPANIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANTS' NOTICE OF REMOVAL**

Defendants MPP Management Inc.[1] and MPP Group of Companies, Inc. ("Defendants"), by and through their undersigned counsel, Nadine C. Abrahams and Gabriela G. Kawiecki of Jackson Lewis P.C., and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove this action from the Circuit Court of Williamson County, Illinois to the United States District Court for the Southern District of Illinois.  In support thereof, Defendants state as follows:

### **Procedural History and Plaintiff's Allegations**

1.      On May 30, 2025, Plaintiff Wesley N. Kemple ("Plaintiff") commenced this action by filing a two count Complaint against MPP Management Inc. and MPP Group of Companies, Inc. ("Defendants") in the Circuit Court of Williamson County, Illinois.  This lawsuit is captioned *Wesley N. Kemple v. MPP Management Inc. and MPP Group of Companies, Inc.*, Case Number 2025 LA 62 (the "State Court Action").  A copy of Plaintiff's Complaint is attached hereto as **Exhibit A**.

---

[1] Plaintiff was employed by MMP Management Inc. which is the correct Defendant in this action.  Plaintiff's counsel has agreed to dismiss MMP Group of Companies, Inc. as a Defendant.  However, for the purposes of this Notice of Removal only, Defendant will be appearing and moving on behalf of both entities.

2.      The Complaint alleges that Defendants terminated Plaintiff in retaliation for filing a Workers' Compensation Act claim and failed to pay Plaintiff his final wages under the Illinois Wage Payment and Collection Act.  *See* **Exhibit A**.

3.      On or about June 19, 2025, Plaintiff served Defendants with the Summons and Complaint.  Defendants have not filed an Answer or other responsive pleading to the Complaint, nor have Defendants appeared or made any arguments before the state court.

### Timeliness of Removal

4.      Pursuant to 28 U.S.C. § 1446(b)(1), if the grounds for removal are apparent on the face of the initial pleading, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

5.      Here, for the reasons explained below, the grounds for removal are apparent on the face of the Complaint.

6.      Defendants filed this Notice of Removal on July 18, 2025, within 30 days of Plaintiff's service of Summons and the Complaint.  As such, this Notice of Removal is timely.

### Basis for Removal

7.      Removal is proper under 28 U.S.C. § 1332(a)(1), which provides that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States…"

2

8. As is relevant here, as alleged in the Complaint, Plaintiff seeks judgment in excess of $75,000. For Plaintiff's retaliatory discharge claim, Plaintiff seeks judgment in excess of $100,000. *See* **Exhibit A**, Count I. For Plaintiff's Illinois Wage Payment and Collection Act claim, Plaintiff seeks judgment in excess of $2,500. *See* **Exhibit A**, Count II.

9. Plaintiff is a citizen of Illinois. *See* **Exhibit A**, ¶ 1.

10. Defendants are incorporated in Missouri. *See* **Exhibit A**, ¶¶ 2-3.

11. None of the corporate officers for Defendants are located in Illinois. Illinois is not Defendants' principal place of business. *See* **Exhibit B**, Declaration of Ed Bozarth.

12. As Plaintiff's Complaint seeks judgment that exceeds the sum or value of $75,000 and the Parties are citizens of different States, removal is proper under 28 U.S.C. § 1332.

### Venue and Procedural Steps

13. The United States District Court for the Southern District of Illinois is the appropriate venue for removal of the State Court Action. Under 28 U.S.C. § 1441, a civil action brought in any state court in which the district courts of the United States have original jurisdiction is to be removed to the district court for the district and division embracing the place where the State Court action is pending. The State Court Action was filed in Williamson County, Illinois, which is located in this judicial district and division.

14. As required by 28 U.S.C. § 1446(a), the Complaint, Summons, and all other "process, pleadings, and orders" served to date on Defendants are attached hereto as **Exhibit A**.

15. As required by 28 U.S.C. § 1446(d), written notice of this Notice of Removal will be sent promptly to Plaintiff's counsel by email and U.S. mail and promptly filed with the Clerk of the Circuit Court of Williamson County, Illinois.

16.     By filing this Notice of Removal, Defendants do not waive any defenses to the claims Plaintiff asserts on behalf of himself, including but not limited to that Plaintiff has not pleaded a claim upon which relief can be granted.

WHEREFORE, Defendants MPP Management Inc. and MPP Group of Companies, Inc., hereby remove Case Number 2025 LA 62 pending in the Circuit Court of Williamson County, Illinois, to the United States District Court for the Southern District of Illinois.

Dated: July 18, 2025                              Respectfully submitted,

                                                  **MPP MANAGEMENT INC. and MPP GROUP OF COMPANIES, INC.**

                                                  By:    /s/ *Nadine C. Abrahams*
                                                         One of Its Attorneys

Nadine C. Abrahams
Gabriela G. Kawiecki ("Ellie")
Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, Illlinois  60601
Tel.: 312.787.4949
Nadine.Abrahams@jacksonlewis.com
Ellie.Kawiecki@jacksonlewis.com

4

## **CERTIFICATE OF SERVICE**

I, Nadine C. Abrahams, an attorney, certify that on July 18, 2025, I caused a true and correct copy of the attached *Defendants' Notice of Removal* to be served on the following counsel of record for Plaintiff by email and U.S. mail at the following addresses:

Michael I. Leonard
Matthew A. Chivari
Leonard Trial Lawyers
120 N. LaSalle, 20th floor
Chicago, IL 60602
mleonard@leonardtriallawyers.com
matthew@leonardtriallawyers.com

/s/ *Nadine C. Abrahams*